IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, As Liquidating Agent of St. Francis Credit Union,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>　　　　　Defendant. | Civil No. 16-cv-00139 DWF/LIB<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** |

## INTRODUCTION

Defendant CUMIS Insurance Society, Inc. ("CUMIS"), seeks an Order to compel Plaintiff National Credit Union Administration Board ("NCUAB") to produce attorney-client privileged emails, alleging that NCUAB implicitly waived attorney-client privilege for these select emails in a prior memorandum to the Court. Because the NCUAB never waived its attorney-client privilege, implicitly or otherwise, and because the attorney-client privileged emails CUMIS seeks are neither probative nor relevant to subject matter of CUMIS' alleged implied waiver, CUMIS' motion should be denied.

## BACKGROUND

NCUAB was appointed the liquidating agent of St. Francis Credit Union ("St. Francis") on February 14, 2014, and proceeded to liquidate the assets of the credit union. The liquidation was necessary (primarily) due to defalcation committed by its general manager. CUMIS insured St. Francis under a fidelity bond in the amount of $2.75 million. NCUAB submitted a proof of loss to CUMIS on December 8, 2014, in an amount in excess of the coverage provided by the CUMIS fidelity bond.

3771804v4

On or about June 10, 2015, CUMIS sent a rescission letter to Raymond C. Leake ("Leake"), a private attorney retained by NCUAB regarding bond issues. The letter contained an explanation of rescission based on misrepresentations made in the application for bond renewal, together with an enclosed premium reimbursement check. Leake forwarded the letter and check to Robert D. Roach, senior trial attorney for National Credit Union Administration (the federal agency that oversees NCUAB). In accordance with procedures in place because of the liquidation, the check was separated from the letter prior to receipt by Mr. Roach, sent the same day to a lockbox in St. Louis, and ultimately cashed in accordance with long-standing mandatory procedure.

On January 21, 2016, NCUAB filed its Complaint seeking a declaration that CUMIS owed coverage under the bond. After this Court issued its Scheduling Order, and prior to conducting any discovery, CUMIS moved for summary judgment on two separate grounds. First, that misrepresentation in the application for renewal of the bond increased its risk of loss, entitling it to rescission under Minn. Stat. § 60A.08, subd. 9. Second, that NCUAB had agreed to rescind the bond by cashing and retaining the premium reimbursement check.

Judge Frank issued an order denying CUMIS' summary judgment motion on March 17, 2017. The denial of the first alleged ground for rescission was based on the Court's holding that the St. Francis' employee's misrepresentation on the application for renewal could not be imputed to St. Francis and CUMIS therefore lacked the legal ground to rescind the bond. The basis for denial of the second alleged ground for rescission, NCUAB's cashing of the premium reimbursement check, was that CUMIS, at this early stage of litigation, had failed to establish the high standard that NCUAB's intent to rescind "must be clearly expressed and acts and conduct of the parties to be sufficient must be positive, unequivocal and inconsistent with the existence of the contract." (Doc. 43 (Memo. Op. & Order) at 11-12 (quoting *Levin v. C.O.M.B. Co.*, 441

N.W.2d 801, 805 (Minn. 1989)).) Contrary to the assertions of CUMIS in its motion to compel, denial of the rescission was not based upon any "lack of benefit of counsel." (Doc. 60 (Def.'s Memo. in Supp. of Mot. to Compel) at 2-3.) In fact, CUMIS misstates the actual context of the argument; *i.e.*, the reimbursement check was forwarded by mailroom personnel to the St. Louis lockbox and cashed according to mandatory NCUAB procedure, and those acts were *not* performed pursuant to advice of counsel.

After the denial of summary judgment, CUMIS served its first set of document requests, seeking a broad variety of documents relating to the second rescission issue denied by Judge Frank. NCUAB timely responded to the document requests, providing voluminous documents and a privilege log, which has now undergone its second amendment. NCUAB has fairly responded and met its burden regarding the privileges that attach to attorney-client communications and attorney work product as reflected in the second amended privilege log. *Rabushka ex rel. United States v. Crane Co.*, 122 F.3d 559 565 (8th Cir. 1997). Subsequent to the discovery responses by NCUAB, CUMIS took the depositions of two key NCUAB personnel, one of whom provided testimony germane to this motion to compel.

## ARGUMENT

### I. NCUAB DID NOT WAIVE ATTORNEY-CLIENT PRIVILEGE.

Generally, a party is permitted to seek discovery of all information – not otherwise privileged – that is relevant to the subject matter of the dispute. Fed. R. Civ. P. 26(b). "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted); *see also Citibank, N.A. v. Andros*, 666 F.2d 1192, 1195 (8th Cir. 1981). The purpose of the attorney client privilege is to encourage "full and frank communication between attorneys and their clients." *Upjohn Co.*, 449 U.S. at 389. The attorney-client privileged can be waived, however, in

3

limited circumstances. *See United States v. Hyles*, 479 F.3d 958, 971 (8th Cir. 2007) (stating that waiver of privilege can occur when a communication is voluntarily disclosed to a third party); *Shukh v. Seagate Technology, LLC*, 872 F. Supp. 2d 851, 857 (D. Minn. 2012) (stating that a waiver of the attorney-client privilege can be implied when the party places the protected information at issue and thereby makes it relevant through an affirmative act). Only implied waiver of attorney-client privilege has been raised by CUMIS in this motion.

"There is no settled rule for finding implied waiver of attorney-client privilege." *Medtronic, Inc. v. Intermedics, Inc.*, 162 F.R.D. 133, 135 (D. Minn. 1995). "In determining whether there has been an implied waiver, two elements must be examined: (1) implied intention and (2) fairness and consistency." *Sedco Intern., S. A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir. 1982) (citations omitted); *see Minn. Specialty Crops v. Minn. Wild Hockey Club*, *L.P.*, 210 F.R.D. 673, 675 (D. Minn. 2002).

"Because of the important public policy considerations that necessitated the creation of attorney-client privilege, the 'at issue' or implied waiver exception is invoked only when the *contents* of the legal advice is *integral* to the outcome of the legal claims of the actions. *PETCO Animal Supplies Stores, Inc. v. Ins. Co. of N. Am*, No. 10-682 (SRN/JSM) 2011 WL 2490298 at *9 (D. Minn. June 10, 2011) (emphasis added)[1].

---

[1] *See also QuickSilver Inc. v. Kymsta Corp.*, 247 F.R.D. 579, 584 (C. D. Cal. 2007) ("The focal point of privilege waiver analysis should be the holder's disclosure of privileged communication to someone outside the attorney-client relationship, not the holder's intent to waive the privilege."); *see also United States v. White*, 887 F.2d 267, 271 (D. C. Cir. 1989) (noting that general assertions that an attorney has "examined a certain matter," without revealing the substance of the attorneys' advice, do not constitute a disclosure sufficient to establish waiver of the privilege); *Murata Mfg. Co. Ltd., v. Bel Fuse, Inc.*, No. 03 C 2934, 2007 WL 781252, at *3 ("[T]here is a significant difference between indicating the fact or topic of a confidential [communication] with an attorney and revealing its content. The latter effects a waiver of the attorney-client privilege, while the former does not."); *Sleep Science Partners Inc. v. Lieberman*, No. C09-4200, 2010 WL 4316687, at *1-2 ("[M]erely disclosing the fact that there were communications or that certain subjects were discussed with attorney does not constitute waiver . . . [F]or plaintiff to meet its prima facie burden it would have to show that defendant shared the actual content of the legal advice, and relevance to the outcome of the litigation is likewise a seminal requirement.").

4

### A. Implied Intention.

CUMIS intimates that a waiver of the attorney-client privilege has occurred because the exchange of privileged email strings is suspiciously timed with the cashing of CUMIS' checks, and somehow contradicts the NCUAB statement that it "did not have the benefit of counsel prior to cashing the reimbursement premium check." (Doc. 60 at 3 (quoting Doc. 29 at 17).)  CUMIS cannot make this intimation, without any proof of disclosure of the content of the privileged communications, and then assume they are entitled to review these documents *regardless* of their content. NCUAB's statement regarding benefit of counsel was a limited reference to the act of cashing the reimbursement check and does not equate to an implicit waiver of attorney-client privilege for the documents conveniently selected by CUMIS.  Indeed, resolving the "benefit of counsel" issue, if relevant, does not require examination of attorney-client communication. Nothing exists in the record before the Court to suggest NCUAB waived its attorney client privilege with respect to CUMIS' selected list of documents.  Therefore, CUMIS is not entitled to review the attorney-client protected email strings.

CUMIS has taken the depositions of two personnel of NCUAB who have testified that it was never NCUAB's intent to accept CUMIS' attempted rescission. A great volume of documents have been produced, all of which support the NCUAB's position that the NCUAB never intended to accept CUMIS' attempted rescission of the policy coverage. CUMIS fails to provide any of that testimony or documentation to the Court. CUMIS has not been candid with this Court regarding the facts it has obtained that contravene the basis for its motion; *e.g.*, the protected information sought is not remotely relevant. As an example, Robert D. Roach, senior trial attorney, in answer to questions posed by CUMIS' counsel at his deposition on June 28, 2017, clearly stated that it was never the intent of NCUAB to accept rescission, that shortly after

5

the reimbursement checks were received he assisted in obtaining outside counsel experienced in rescission issues, and that outside counsel subsequently issued two opinion letters. (Declaration of James F. Baldwin, Ex. A.) No follow-up questions were posed by counsel, nor follow-up written discovery, to obtain clarification regarding the timing of the opinions and the statement of fact regarding the intent or state of mind of NCUAB regarding acceptance of the attempted rescission. Rather than depose the multiple NCUAB personnel who are identified in the protected emails, or conduct productive written discovery, CUMIS improvidently attempts to invade privilege on a clear fishing expedition. Thus, CUMIS' entire motion is based on innuendo and speculation, and is contravened by the relevant testimony it has obtained but withheld from this Court.

It is plain CUMIS, not NCUAB, has taken extreme measures to place the privileged material at issue. It does so by misstating the record and the law of this case. Lack of benefit of counsel is not, and never has been, at issue. (*See* Doc. 43.) CUMIS' overly expansive and misleading reference to lack of benefit of counsel does not, and cannot, be the basis for an implied waiver. Nor can the status of an unrelated trial matter form the basis for waiver of privilege. (Doc. 60 at 4-5.) CUMIS' position is speculative, unsupported by any facts in the record, and contravened by relevant testimony.

### B. Fairness and Consistency.

Further, fairness and consistency in this proceeding weighs heavily in favor of denying CUMIS' motion because CUMIS has sought the production of emails that have nothing to do with NUCAB's intent to accept CUMIS' attempted rescission of the policy coverage. The documents CUMIS seeks to review contain attorney-client privileged or work product information focused on NCUAB's analysis of the facts and law, discussions of strategy and related cases. This information has nothing to do with the issue for which the material is sought –

6

either to prove the intent of the NCUAB to accept CUMIS' attempted rescission of the policy coverage or to prove or disprove NCUAB's statement about the lack of benefit of counsel. Testimony placed in the record by NCUAB has likewise extinguished the relevancy of any of the protected information. Thus, the documents are not probative and not relevant to the issues in the case in addition to being privileged.

## II. NCUAB IS ENTITLED TO THE PROTECTION OF THE WORK PRODUCT DOCTRINE.

Even if NCUAB had impliedly waived communications related to whether the CUMIS checks were cashed upon advice of counsel, this waiver would *not* entitle CUMIS to review emails that concern NCUAB's work product when the real purpose of discovery is to find facts relevant to the issue outlined by Judge Frank – the intent of NCUAB with respect to the attempted rescission of the policy coverage by CUMIS.

The work product privilege protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). Work product cannot be discovered unless "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* A party can only waive the work product privilege if it intentionally discloses work product to its adversaries. *See In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 860 F.2d 844, 846 (8th Cir. 1988) (noting that the work product privilege was intentionally waived when the party holding the privilege voluntarily disclosed the protected documents to third parties). Since the emails contain attorneys' mental impressions, conclusions, opinions and legal theories on potential litigation, "opinion work product is entitled to **substantially greater** protection than ordinary work product." *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977) (emphasis added) (further noting that opinion work

7

product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances).

The documents currently sought by CUMIS contain mental impressions of NCUAB's counsel regarding facts and law, opinions regarding strategic options and trial strategy, and references to other CUMIS cases. CUMIS has not made an adequate showing that it is entitled to pierce the protection of the work product privilege.

### III. NCUAB IS ENTITLED TO THE PROTECTION OF FRE 502(d).

Even though the current information sought by CUMIS is believed to be irrelevant to the purpose for which it is sought, NCUAB is willing to produce for *in camera* review by the Court the privileged documents, in original copy and with redacted work product, provided proper protections are in place to safeguard NCUAB's privileges. NCUAB should not lose the protection provided by the attorney client privilege and work production doctrine as the price for being cooperative and forthcoming with all relevant information. Specifically, if the Court orders that these documents be produced, NCUAB respectfully requests that the Court issue an order pursuant to Fed. R. Evid. 502(d), clarifying that the release of the requested documentation and any other privileged documentation probative of the intent of NCUAB on the issue of rescission will not constitute a waiver of NCUAB's privileges, and that information pertaining to NCUAB's strategies, impressions and analysis in this case will not be subject to discovery or disclosure.

By reviewing the proposed emails in their original and redacted form, the Court can confirm that NCUAB's proposed redactions are appropriate. The disclosures will speak for themselves.

## CONCLUSION

Because CUMIS has not shown that NCUAB impliedly waived the attorney-client privilege protection and because the information CUMIS seeks is not probative, its motion to compel should be denied.

MOSS & BARNETT<br>A Professional Association

Dated: August 17, 2017      By s/James F. Baldwin
                              Glen E. Schumann (#122117)
                              James F. Baldwin (#149263)
                            150 South Fifth Street, Suite 1200
                            Minneapolis, MN 55402
                            (612) 877-5000
                            glen.schumann@lawmoss.com
                            jim.baldwin@lawmoss.com

R.H. "Chip" Chockley (Admitted *Pro Hac Vice*)
WOLFF ARDIS, P.C.
5810 Shelby Oaks Drive
Memphis, TN 38134
(901) 763-3336
(901) 763-3376 (fax)
cchockley@wolffardis.com

*Counsel for Plaintiff, National Credit Union Administration Board as Liquidating Agent for St. Francis Campus Credit Union*

9