UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| National Credit Union Administration Board, as Receiver/Liquidating Agent of St. Francis Campus Credit Union, 808 Third Street Southeast, Suite 100, Little Falls, Minnesota 56345-2143, | Civil No. 16-139 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CUMIS Insurance Society, Inc., | |
| Defendant. | |

Steven M. Philips, Esq., and Ariel O. Howe, Esq., Anthony Ostlund Baer & Louwagie PA; Randall D. Lehner, Esq., and Givonna S. Long, Esq., Kelley Drye & Warren LLP, counsel for Plaintiff.

Daniel N. Moak, Esq., Briggs & Morgan, PA; F. Joseph Nealon, Esq., and Nicholas T. Moraites, Esq., Eckert Seamans Cherin & Mellott, LLC, counsel for Defendant.

Andrew Steil, Esq., Joy R. Anderson, Esq., and Amanda M. Sicoli, Esq., Gray, Plant, Mooty, Mooty & Bennett, P.A., counsel for Margurite M. Cofell.

## INTRODUCTION

This matter is before the Court on Defendant's Motion to Consolidate this case with the related case, *National Credit Union Administration Board, acting in its capacity as Liquidating Agent of St. Francis Campus Credit Union v. Margurite M. Cofell*, Civ. No. 17-310. (Doc. No. 135.) For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

The Court has previously described, in detail, the background facts of this case in its March 17, 2017 Memorandum Opinion and Order. (Doc. No. 43.) The Court will only briefly summarize the relevant facts here. St. Francis Campus Credit Union ("St. Francis") was a credit union insured under a fidelity bond issued by Defendant CUMIS Insurance Society, Inc. ("CUMIS"). The bond insured against, among other things, theft by employees. (Doc. No. 1 ("Compl.") ¶¶ 4, 8 & Ex. C.) On January 23, 2014, St. Francis discovered that one of its managers, Margurite Cofell, had embezzled in excess of $3 million from St. Francis. (*Id.* ¶¶ 10-11.)

Plaintiff National Credit Union Administration Board ("NCUAB") was appointed the receiver of St. Francis on February 14, 2014. (*Id.* ¶ 5.) The receiver was put into place "in whole or in large part" as a result of the theft. (*Id.* ¶ 10.) On December 8, 2014, Plaintiff filed a proof of loss totaling $3,086,755.94. (*Id.* ¶ 14.) In June 2015, CUMIS sent NCUAB a letter seeking to rescind the bond. (*Id.* ¶ 15 & Ex. G ("CUMIS Denial Letter").) CUMIS explained that its basis for seeking rescission was that Cofell lied on the application for the bond's renewal. (CUMIS Denial Letter.) Specifically, Cofell checked "no" to the following application questions:

> Does any director, officer, board committee member, or employee have knowledge of or information regarding any act, error, or omission which might give rise to a claim against them or the credit union, [. . .] which would be covered under . . . the Bond or any of its Endorsements . . . ?
>
> Does any director, officer, board committee member, or employee have knowledge of or information regarding any claims, demands or

lawsuits currently pending or threatened that may be or have already been brought against them or the credit union?

(*Id.*) Neither party disputes that Cofell lied by checking no because she was stealing from St. Francis at that time. (*See* Compl. at ¶ 23; Reply at 8.)

Included with the CUMIS Denial Letter was a check for the premiums that St. Francis had paid from April 2012 to April 2014. (CUMIS Denial Letter.) During the mail-sorting process, a clerk separated the check from the letter. (*Id.* ¶ 10.) The check was then forwarded to St. Louis and cashed pursuant to the procedures in place because of the receivership. (*See id.*) According to Plaintiff, the clerk did not understand that the letter was a purported offer for rescission. (*Id.* ¶ 11.)

NCUAB brought two lawsuits arising from Ms. Cofell's alleged theft. On January 21, 2016, NCUAB filed this action against CUMIS alleging that coverage exists for Ms. Cofell's alleged theft (the "CUMIS Case"). (*See generally* Compl.) NCUAB seeks a declaration that CUMIS must provide coverage under the bond and payment of the approximately $3 million in losses that NCUAB suffered as a result of Ms. Cofell's alleged theft. (*Id.* at 3.) CUMIS's main defense is that it properly rescinded the bond because either (a) Cofell lied on the application for the bond's renewal, or (b) NCUAB's inadvertent cashing of the premium check represented NCUAB's agreement to rescission. (Doc. No. 43 at 3-4.) CUMIS demanded a jury trial. (Doc No. 15 at 1.)

Over one year later, on January 31, 2017, the NCUAB sued Ms. Cofell for civil theft, conversion, breach of fiduciary duty, fraud, and unjust enrichment resulting from her alleged embezzlement scheme (the "Cofell Case"). *See Complaint*, *Nat'l Credit*

Union Admin. Bd. v. Cofell*, Civ. No. 17-310 (D. Minn. Jan. 31, 2017).[1] The Cofell Case was designated as related to the CUMIS Case, and consequently, it was reassigned to the undersigned. (Cofell Case Doc. No. 4.) Neither party requested a jury trial of the Cofell Case. By stipulation of NCUAB and Ms. Cofell, the Cofell Case is presently stayed to "avoid unnecessary duplication of judicial efforts and undue expense to the parties." (Cofell Case Doc. No. 31.)

CUMIS now moves to consolidate the CUMIS Case and the Cofell Case. (Doc. No. 135.) NCUAB and Ms. Cofell oppose consolidation. (Docs No. 156, 158.)

## DISCUSSION

**I.**     **Legal Standard**

Under Federal Rule of Civil Procedure 42(a), courts have broad discretion to consolidate pending actions that involve a common question of fact or law. Fed. R. Civ. P. 42(a); *see also Doe YZ v. Shattuck-St. Mary's Sch.*, Civ. No. 15-1151, 2016 WL 6594077, at *1 (D. Minn. Nov. 4, 2016). The party seeking consolidation bears the burden of showing that consolidation promotes judicial convenience and economy. *Shattuck-St. Mary's Sch.*, 2016 WL 6594077, at *1. But even if consolidation would promote judicial economy, consolidation is inappropriate when it unfairly prejudices a party. *Id.*

---

[1]     The Court will refer to docket entries in the Cofell Case—*Nat'l Credit Union Admin. Bd. v. Cofell*, Civ. No. 17-310 (D. Minn.)—as "Cofell Case Doc. No. __."

## II. Analysis

Here, CUMIS argues that common issues of fact exist between the two cases. Specifically, CUMIS argues that the "pivotal factual issue" in both cases is "whether Ms. Cofell committed theft of approximately $3 million from St. Francis." (Doc. No. 137 at 4.) CUMIS characterizes Ms. Cofell's alleged theft as the "basis for the NCUAB's 'employee dishonesty' claim that is the subject of the insurance dispute" in the CUMIS Case. (*Id.*)

The Court concludes that although there are some common issues of fact in the cases, other fact issues and the issues of law and remedies sought in each case are sufficiently different such that they do not support consolidation. CUMIS is correct that both cases involve Ms. Cofell's alleged theft and dishonesty, but that fact is not in dispute in the CUMIS Case. (*See* Doc. No. 43 at 3 ("Neither party disputes that Cofell lied by checking no because she was stealing from St. Francis at that time.") Ms. Cofell has also admitted her fraudulent conduct. (*See* Cofell Case Doc. No. 1 ¶ 24, Ex. C.) Because no party disputes this fact issue, consolidation provides no benefit to the factfinder in addressing this issue. Moreover, other fact issues are unique to the CUMIS Case, e.g., the return of the premium refund checks, NCUAB's handling of those premium refund checks, and factual allegations underpinning CUMIS's counterclaim.

As to the legal issues and remedies sought, the two cases do not overlap. In the CUMIS Case, NCUAB seeks a declaration that that CUMIS owes coverage under the bond for Ms. Cofell's alleged theft. (*See generally* Compl.) For its defense, CUMIS argues that it properly rescinded the bond because either (a) Ms. Cofell lied on the

application for the bond's renewal, or (b) NCUAB's inadvertent cashing of the premium check represented NCUAB's agreement to rescission. (Doc. No. 43 at 3-4.) The factual underpinnings of CUMIS's first defense are not in dispute, and therefore consolidation will not promote judicial economy or convenience. Additionally, the first defense focuses on Ms. Cofell's answers to the bond-renewal questions, and not her alleged embezzlement scheme. CUMIS's second defense has nothing to do with the Cofell Case. Likewise, the legal issues and remedies in the Cofell Case are not present in the CUMIS Case. There, NCUAB seeks to recoup the money that Ms. Cofell allegedly stole or "converted." (*See generally* Cofell Case Doc. No. 1.)

Based on the foregoing, the Court finds that consolidation will not promote judicial economy because the legal issues, remedies, and many fact issues are sufficiently different. *See Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, Civ. No. 15-3183, 2016 WL 3435026 (D. Minn. June 16, 2016) ("[C]onsolidation is properly denied where one action includes claims and issues that are not relevant to the other action.").

The Court also finds that consolidation will not promote judicial economy because the cases are at significantly different stages and involve distinct defendants. In the nearly three years that the CUMIS Case has been ongoing, the parties have conducted significant discovery and dispositive motion practice. The Court has amended the scheduling order in the CUMIS Case numerous times, most recently setting October 18, 2018 as the deadline for the parties to file dispositive motions, and March 18, 2019 as the trial-ready date. (Doc. No. 130.) The Cofell Case, on the other hand, has been stayed since February 2018. Consequently, the Court would need to further delay the trial-ready

date in order to allow Ms. Cofell and NCUAB to conduct further discovery regarding the claims and defenses in the Cofell Case.  Further delay is not warranted, especially considering CUMIS could have brought third-party claims against Ms. Cofell in the CUMIS Case or sought consolidation when NCUAB initiated the Cofell Case.  Moreover, because the claims and defendants do not overlap, consolidation is not necessary to conserve judicial resources.  *Cf. Haddley v. Next Chapter Tech., Inc.*, Civ. No. 16-1960, 2017 WL 1483333, at *5 (D. Minn. Apr. 25, 2017) (consolidating cases involving "similar claims against overlapping defendants").

     For similar reasons, the Court finds that consolidation will unfairly prejudice NCUAB and Ms. Cofell.  Specifically, NCUAB will suffer undue delay related to extended discovery.  Although the mere fact that the cases are at different stages of discovery is not in and of itself reason to not consolidate them; discovery in the Cofell Case is likely to be sufficiently different from the CUMIS Case such that additional discovery will be time-consuming and unfairly prejudicial to NCUAB.  Moreover, NCUAB is represented by different counsel in the two cases.  NCUAB will therefore be unfairly prejudiced by consolidation because its counsel for the Cofell Case will have to gain familiarity with the facts and legal theories in the CUMIS Case, and vice versa.  *Cf. Haddley*, 2017 WL 1483333, at *5 (concluding parties would not be prejudiced because "the Isanti Defendants are defendants in both actions, and the parties are represented by the same respective counsel in both actions").  Finally, Ms. Cofell would be prejudiced by consolidation because even if the Court were willing to delay the trial for a short period, Ms. Cofell would still be required to complete expedited discovery.

**ORDER**

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant CUMIS Insurance Society, Inc.'s Motion to Consolidate (Doc. No. [135]) is **DENIED**.

Dated: October 9, 2018                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge