UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

National Credit Union Administration Board,

        Plaintiff,                              Court File No. 16-cv-139 (DWF/LIB)

v.

                                        **REPORT AND RECOMMENDATION**

Cumis Insurance Society, Inc.,

        Defendant.

This matter came before the undersigned United States Magistrate Judge on October 17, 2018, pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, Defendant's Notice of Third Party Witness's Non-Compliance, [Docket No. 143], and the Court's Order to Show Cause. [Docket No. 203].

Based upon the pleadings, this Court certifies to the District Court the Findings of Fact as set forth below, and makes the following recommendations for the reasons articulated in this Report and Recommendation:

1. Kevin R. Sobiech be found in contempt of Court pursuant to Rule 45(g).

2. Kevin R. Sobiech be arrested immediately by the United States Marshal and detained until he purges his contempt by making arrangements to comply with the August 1, 2018, Order compelling him to comply with CUMIS's subpoena.

3. Counsel for CUMIS must personally serve Kevin R. Sobiech with this Report and Recommendation and file proof of such service on CM/ECF.

**I.    FINDINGS OF FACT**

In connection with the Order to Show Cause, [Docket No. 203], and in support of this Court's recommendation that Kevin R. Sobiech (hereinafter "Mr. Sobiech") be held in contempt, the undersigned enters the following Findings of Fact.

On May 17, 2018, CUMIS issued a subpoena to depose Mr. Sobiech on June 1, 2018, in Minneapolis, and for Mr. Sobiech to produce at that time "[a]ll documents related to any loans, loan advances, and/or related transactions at St. Francis Campus Credit Union from 2004 to 2014." (Moraites Dec., Ex. 1 [Docket No. 146-1], at 2–7). Mr. Sobiech was personally served with the subpoena and a witness fee. (Moraites Dec., Ex. 2, [Docket No. 146-2], at 2). Mr. Sobiech did not appear for the June 1, 2018, noticed deposition. (Moraites Dec., Ex. 3, [Docket No. 146-3], at 2–4). Additionally, he did not communicate to CUMIS in any way that he was unable to appear for the deposition, nor did he respond to CUMIS's subsequent attempts to communicate with him regarding his failure to appear for the deposition. (Id. at 3). Accordingly, CUMIS filed a Motion to Compel Mr. Sobiech's attendance. (Motion to Compel Non-Party Kevin R. Sobiech's Compliance with Subpoena and for Contempt [Docket No. 143]).

The Court held a hearing on the Motion to Compel on August 1, 2018, and, after observing that the record before the Court demonstrated that Mr. Sobiech was served with a subpoena for a June 1, 2018, deposition and document production, that he failed to comply with that subpoena, and that he had offered no excuse for his failure to comply, the Court thus ordered Mr. Sobiech to appear at a deposition to be noticed pursuant to a renewed subpoena on or before August 31, 2018, in Little Falls, Minnesota. (Minute Entry [Docket No. 181]). The Court also ordered counsel for CUMIS to personally serve the Court's August 1, 2018, Order, and renewed subpoena and witness fee, as well as, Notice for the rescheduled deposition on Mr. Sobiech and to file proof of such

service on CM/ECF. (Order, [Docket No. 182], at 2). In its August 1, 2018, Order, the Court also stated that after being personally served with Notice and the August 1, 2018, Order, the Court would automatically issue an Order to Show Cause if CUMIS demonstrated that Mr. Sobiech did not comply with the August 1, 2018, Order. (Id.).

CUMIS served the Court's August 1, 2018, Order and renewed subpoena and witness fee, as well as, Notice for the rescheduled deposition on Mr. Sobiech on August 10, 2018. (Aff. of Service [Docket No. 199]). The deposition was scheduled to occur on August 23, 2018, in Little Falls, Minnesota. (Notice [Docket No. 201]). Mr. Sobiech did not appear for the August 23, 2018, deposition and CUMIS notified the Court on August 27, 2018, that Mr. Sobiech did not comply with the Court's August 1, 2018, Order. (Notice [Docket No. 201]).

On August 28, 2018, the Court issued its Order to Show Cause ordered counsel for CUMIS to personally serve the Court's Order to Show Cause on Mr. Sobiech. (Order [Docket No. 203]). CUMIS personally served the Order to Show Cause on Mr. Sobiech on August 30, 2018. (Aff. of Service [Docket No. 2014]).

On October 17, 2018, pursuant to its Order, [Docket No. 203], the Court held a Show Cause Hearing, which was scheduled for 1:30 p.m. (Minutes [Docket No. 220]). Kevin R. Sobiech was not present in Court at the appointed time, nor had he contacted the Court regarding his appearance or lack thereof. The Court waited an additional 15 minutes to begin the hearing to accommodate Mr. Sobiech in the event that he was running late. Even after the delay, Mr. Sobiech had not appeared. Counsel for Plaintiff and Defendant both appeared. (October 17, 2018, Show Cause Hearing, Digital Record). At the hearing, counsel for Plaintiff and Defendant both stated on the record that neither had received any type of communication from Mr. Sobiech regarding either the Order to Show Cause or the October 17, 2018, hearing. (Id. at 1:59 p.m.–2:03 p.m.).

## II.  DISCUSSION

Mr. Sobiech has twice failed to comply with a CUMIS subpoena, the Court's Order compelling him to attend a deposition pursuant to the second of those subpoenas, and he failed to appear or otherwise comply with this Court's Order to Show Cause. For the purposes of this Report and Recommendation, the Court will limit its discussion to an appropriate response to Mr. Sobiech's failure to comply with this Court's Orders.

This Court has contempt authority. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge . . . shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection"); Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing, 207 F.3d 500, 504 (8th Cir.2000) ("In a proceeding before a magistrate judge, disobedience of a lawful order shall constitute a contempt of the district court for the district wherein the magistrate is sitting") (citing 28 U.S.C. § 636(e)) (internal quotation omitted).

"[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." Conroy v. Marianne's Roofing Co., LLC, 18-cv-436 (JRT/SER), 2018 WL 3118438, *2 (D. Minn. June 4, 2018) (citing United Mine Workers v. Bagwell, 512 U.S. 821, 827 (1994)). Furthermore, "[i]t is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." Chicago Truck Drivers, 207 F.3d at 507.

"Before [someone] can be held in contempt for violating a court order, he must have actual knowledge of the order and the order must be sufficiently specific to be enforceable." Hazen v. Reagan, 16 F.3d 921, 924 (8th Cir.1994) (quotation omitted). When imposing a coercive sanction,

"the court has broad discretion to design a remedy that will bring about compliance." United States v. Open Access Tech. Int'l, Inc., 527 F.Supp.2d 910, 913 (D. Minn. 2007) (Davis, J.) (quoting Paramedics Electromedicina Comercial, Ltda. V. GE Med. Sys., 369 F.3d 645, 657 (2d Cir. 2004)). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers, 207 F.3d at 504 (citing United States v. United Mine Workers, 330 U.S. 258, 290 n. 56 (1947)).

In a civil contempt proceeding, the moving party has the burden of proving by clear and convincing evidence that the alleged contemnor has violated the Court's order. Chicago Truck Drivers, 207 F.3d at 505; United States v. Open Access Tech., 527 F.Supp.2d at 912. "However, the moving party does not need to show that the violation of the Court's order was willful." Open Access Tech., 527 F.Supp.2d at 912 (quoting Faegre & Benson, LLP v. Purdy, 367 F. Supp. 2d 1238, 1243 (D. Minn. 2005) (Davis, J.)). In the present case, CUMIS has made the necessary showing. Specifically, Mr. Sobiech has failed to comply with the Court's Order for him to give deposition testimony pursuant to subpoena, and given his failure to comply with that first Order, he also failed to comply with the Court's Order to appear and show cause why he should not be found in contempt; both Orders were personally served on him

Because CUMIS has made the necessary showing, the burden now shifts to Mr. Sobiech to show an inability to comply. Chicago Truck Drivers, 207 F.3d at 505; Open Access Tech., 527 F. Supp. 2d at 912. In the Eighth Circuit, someone claiming inability to comply must demonstrate "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply." United States v. Santee Sioux Tribe of Neb., 254 F.3d 728, 736 (8th Cir.2001).

In the present case, Mr. Sobiech has made no appearance whatsoever in regard to the Court's Order to Show Cause, and has presented no evidence to establish any of the factors considered in making an inability defense. Rather, it is evidence to this Court, having been personally served with both subpoenas and both Orders leading up to the Show Cause hearing, that Mr. Sobiech has intentionally and willfully disregarded the Court's Orders on multiple occasions.

The Court, therefore, recommends that the appropriate sanction for Mr. Sobiech's contempt is to take Mr. Sobiech into custody until he complies with the CUMIS subpoena for production of deposition testimony and documents. When imposing a civil contempt sanction, the record must reflect that the Court considered the following four factors: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." Edeh v. Carruthers, No. 10-cv-2860 (RJK/JSM), 2011 WL 4808194, *3 (D. Minn. Sept. 20, 2011) (citing United Mine Workers, 330 U.S. at 303–04).

The first factor concerns the harm to the moving party caused by the contemnor's continued defiance. In the present case, the harm is both monetary and prejudicial to the parties for timely resolution of this case. Mr. Sobiech's continued refusal to comply with CUMIS's subpoena and this Court's Orders has caused unnecessary litigation expenses to be incurred by CUMIS due to costs associated with repeated service of subpoenas, deposition reporter expenses, motion to compel related costs, as well as, an unnecessary delay on the resolution of relevant discovery in this case. Thus, Mr. Sobiech's continued blatant refusal to comply with subpoenas and Court Orders intended to give effect to those subpoenas necessitates a contempt finding.

The second factor concerns whether the proposed contempt sanction is appropriate. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to

compensate the complainant for losses sustained, or both." Chicago Truck Drivers, 207 F.3d at 505. In the present case, there is no indication in the record that a monetary sanction would motivate Mr. Sobiech to comply with the prior subpoenas or the Court's two prior Orders. Rather, the record before this Court demonstrates that Mr. Sobiech has intentionally and willfully disregarded the Court's Orders on multiple occasions and such blatant disregard does not positively reflect on the likelihood that a financial sanction alone would now reasonably be expected to coerce Mr. Sobiech to comply with the either the subpoenas or the Court's prior Orders. Therefore, detention is the sanction more likely to make Mr. Sobiech comply with both the subpoenas and the Court's related prior Orders.

The third factor concerns the contemnor's financial resources and the burden that the proposed sanction would impose. In the present case, the contemnor's financial situation is unknown because the contemnor refused to appear for the Show Cause Hearing after being personally served with the Court's Order to do so. As to the second part of this factor, "[w]hile the sanction of imprisonment is undoubtedly burdensome for any civil contemnor, in this case imprisonment is the only way to coerce [the contemnor]'s cooperation in answering discovery." See e.g., Edeh, 2011 WL 4808194, *3.

The final factor concerns the willfulness of the contemnor in disregarding the Court's Orders. In the present case, the record clearly demonstrates that Mr. Sobiech has been personally served with each of the two relevant subpoenas and both of the relevant Court Orders. Moreover, the record demonstrates that Mr. Sobiech has not filed any written submission nor communicated with the moving party or the Court in any way whatsoever in the approximately five (5) months since he was first served with CUMIS's original subpoena for the June 1, 2018, deposition. Thus, the record unequivocally demonstrates that Mr. Sobiech nonetheless "continues to flout the Court's

orders by refusing to comply." Id. at *4; See also, Reed v. Durand, No. 10-cv-4851 (PAM/SER), 2011 WL 4436638, *2 (D. Minn. Sept. 16, 2011) (Rau, M.J.) (defendant's arrest ordered after he failed to appear for Show Cause Hearing).

Lastly, "[c]ivil contempt sanctions . . . are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." Int'l Union United Mine Workers v. Bagwell, 512 U.S. 821, 827 (1994); F.T.C. v. Neiswonger, 580 F.3d 769, 774 (8th Cir. 2009) (same). Mr. Sobiech had ample notice: (1) by personal service and tendering of a witness fee of CUMIS's first subpoena; (2) CUMIS's second subpoena and witness fee, as well as, the Court's Order compelling him to appear for a deposition and document production pursuant to that second subpoena also by personal service; and (3) the Court's Order to Show Cause also personally served on Mr. Sobiech. That Mr. Sobiech did not avail himself at any time to comply with either of the subpoenas or either of this Court's Orders does not divest this Court of its authority to hold him in contempt and to detain Mr. Sobiech thereby in order to coerce his compliance with CUMIS's subpoena and the Court's prior Orders.

Based on the foregoing analysis, the Court concludes that a warrant for the detention of Kevin R. Sobiech is the appropriate sanction for Mr. Sobiech's clear and willful contempt.

### III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENED** that:

1. Non-party Kevin R. Sobiech be found in contempt of court;

2. Kevin R. Sobiech be arrested and detained by the U.S. Marshalls until he purges his contempt by making arrangements to comply with the prior subpoenas for production of deposition testimony and documents; and

3. Counsel for CUMIS shall personally serve a copy of this Report and Recommendation on Kevin R. Sobiech, and file proof of service on CM/ECF.

Dated: October 22, 2018                                s/Leo I. Brisbois
                                                       The Honorable Leo I. Brisbois
                                                       United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).